1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   DEREK CARDER, et al.,                          CASE NO. 09cv1448 DMS (BLM)

12                              Plaintiff,          **ORDER GRANTING EX PARTE
                                                    APPLICATION EXTEND TIME**
13       vs.                                        **TO ANSWER OR OTHERWISE
                                                    RESPOND TO THE COMPLAINT**
14                                                  **PENDING DETERMINATION OF
                                                    FORTHCOMING MOTION TO**
15   CONTINENTAL AIRLINES, INC.,                    **TRANSFER TO THE SOUTHERN
                                                    DISTRICT OF TEXAS PURSUANT**
16                              Defendant.          **TO 28 U.S.C. § 1404**

17

18        Pending before the Court is Defendant's *ex parte* application to extend time to answer or

19   otherwise respond to the complaint pending determination of a forthcoming motion to transfer to the

20   Southern District of Texas, pursuant to 28 U.S.C. § 1404.  (Doc. 6.)  Defendant's deadline to answer

21   or otherwise respond is due on July 28, 2009.

22        Defendant indicates that it will file the motion to transfer on or before August 4, 2009.  It asks

23   the Court to: (1) extend the time to respond for 30 days after the case is transferred, in the event the

24   Court grants the forthcoming motion to transfer; or (2) extend the time to respond for 30 days after the

25   motion is denied, if it is denied.  In the alternative, it proposes two fixed dates: (1) a 120-day extension

26   from July 28, 2009; or (2) a 30-day extension, in the event the Court declines to extend time to respond

27   pending determination of the motion to transfer.  It argues the extension is warranted given interests

28   of judicial administration and because it requires additional time to investigate the Complaint.

Plaintiffs argue that Defendant has failed to show good cause for an extension, because "neither the Federal Rules nor section 1404 of Title 28 of the United States Code discuss or even remotely suggest that a motion to transfer warrants stalling the pending action." (Oppo. at 4.) Moreover, Plaintiffs argue that Defendant has not shown that it needs the additional time to complete its investigation of the Complaint's allegations.

The Court disagrees. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A transfer for "convenience" under § 1404(a) should be sought as soon as the "inconvenience" becomes apparent, *SEC v. Savoy Industries, Inc.*, 587 F.2d 1149, 1156 (DC Cir. 1978), and such a motion may be filed with or before the first responsive pleading, *Vaz Borralho v. Keydril Co.*, 696 F.2d 379, 386 (5th Cir. 1983), *overruled on other grounds by In re Air Crash Disaster near New Orleans*, 821 F.2d 1147, 1163 n.25 (5th Cir. 1987). "Making such a motion at the inception of the action may save the court and the parties from expending time and resources on a case which belongs in a different forum." 17 Moore's Federal Practice, § 111.17 (Matthew Bender 3d ed. 2009). Defendant has shown good cause to extend its deadline to respond pending determination of the forthcoming motion to transfer. The ex parte application is therefore granted.

Plaintiffs desire to prosecute this action in an expeditious and efficient manner. To that end, Plaintiffs offered to stipulate to an extension of 15 days, which Defendant refused. This is a reasonable period of time for Defendant to respond following resolution of its motion to transfer.

Accordingly,

1.     Defendant shall file its motion to transfer pursuant to 28 U.S.C. § 1404(a) on or before August 4, 2009;

2     Defendant's answer or response to Plaintiffs' Complaint shall be due 15 days following entry on the docket of this Court's order on the motion to transfer.

**IT IS SO ORDERED.**

DATED:  July 23, 2009

_____
HON. DANA M. SABRAW
United States District Judge